JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X
                         :

UNITED STATES OF AMERICA        :      **SEALED INDICTMENT**

       - v. -                  :      **18 Cr.**

PETER KALKANIS,             :
BRYAN DUNCAN,              :
KERRY GORDON,              :
    a/k/a "Curry,"         :
ROBERT LOCUST, and        :
RYAN RAINFORD,            :
    a/k/a "Ace,"           :
                         :
             Defendants.  :
                         :

- - - - - - - - - - - - - - - - - - -X

ORIGINAL

18 CRIM 289

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 1 7 2018

**COUNT ONE**
(Conspiracy to Commit Mail and Wire Fraud)

The Grand Jury charges:

OVERVIEW OF THE SCHEME

1.    From at least in or about January 2013, up to and including April 2018, in the Southern District of New York and elsewhere, PETER KALKANIS, BRYAN DUNCAN, KERRY GORDON, a/k/a "Curry," ROBERT LOCUST, and RYAN RAINFORD, a/k/a "Ace," the defendants, together with others known and unknown, carried out a widespread mail and wire fraud scheme through which the defendants defrauded businesses and insurance companies by staging slip-and-fall accidents and filing fraudulent lawsuits arising from those staged slip-and-fall accidents (the "Fraud Scheme"). The Fraud Scheme generally operated as follows:

a.    Fraud Scheme participants recruited individuals (the "Recruited Patients") to stage slip-and-fall accidents at particular locations throughout New York City (the "Accident Sites").  In some instances, the Recruited Patients did not actually stage a slip-and-fall accident but, instead, were provided with an address that they were instructed to claim was the location where they slipped and fell.

b.    The Recruited Patients were directed to claim that they had injured themselves and to seek medical treatment. In particular, the Recruited Patients were directed to claim injuries to certain areas of their bodies, including the knees, shoulders, and/or back.

c.    The Recruited Patients were then brought to an attorney who represented them in connection with a lawsuit (the "Fraudulent Lawsuits") against the owners of the Accident Sites and/or the insurance company of the owners of the Accident Sites (the "Victims").  The Fraudulent Lawsuits did not disclose that the Recruited Patients had deliberately fallen at the Accident Sites, or that the Recruited Patients had never fallen at the Accident Sites.  Instead, the Fraudulent Lawsuits claimed that the Recruited Patients' injuries were solely caused by the negligence of the Victims.  During the course of the Fraud Scheme, PETER KALKANIS, BRYAN DUNCAN, KERRY GORDON, a/k/a "Curry," ROBERT LOCUST, and RYAN RAINFORD, a/k/a "Ace," the

2

defendants, together with others known and unknown, attempted to defraud the Victims of at least $31,791,000.

     d.    The Recruited Patients were also instructed to receive ongoing treatment from a chiropractor in order to provide medical records in support of the Fraudulent Lawsuits.

     e.    The Fraud Scheme participants referred the Recruited Patients to a particular MRI facility as well as particular doctors.

     f.    The Fraud Scheme participants advised the Recruited Patients that if they intended to continue with their Fraudulent Lawsuit, they were required to undergo surgery.  As an incentive to undergo surgery, the Recruited Patients were offered a payment after they completed surgery as well as a percentage of any settlement payment from their Fraudulent Lawsuit.

     g.    The legal and medical fees of the Recruited Patients were usually paid for by legal funding companies.

<u>RELEVANT PERSONS</u>

    2.    At all relevant times to this Indictment, PETER KALKANIS, the defendant, a former Chiropractor, was the organizer and leader of the Fraud Scheme.  Among other things, KALKANIS paid other Fraud Scheme participants, referred to as "Runners," to recruit patients and transport the Recruited Patients to and from their medical and legal appointments.

KALKANIS organized the Recruited Patients' legal and medical appointments, and assisted in procuring the funding for the Recruited Patients' medical treatment and Fraudulent Lawsuits.

3. At all relevant times to this Indictment, BRYAN DUNCAN, KERRY GORDON, a/k/a "Curry," ROBERT LOCUST, and RYAN RAINFORD, a/k/a "Ace," the defendants, were "Runners." Among other things, they helped recruit patients into the Fraud Scheme, transported patients to medical and legal appointments, identified potential Accident Sites, and coached Recruited Patients on faking their injuries. DUNCAN, GORDON, LOCUST, and RAINFORD, at various times, were paid by PETER KALKANIS, the defendant, for their assistance in the Fraud Scheme. Some of the Runners, including RAINFORD, were responsible for paying the Recruited Patients after they underwent surgery.

STATUTORY ALLEGATIONS

4. From at least in or about January 2013, up to and including the present, in the Southern District of New York and elsewhere, PETER KALKANIS, BRYAN DUNCAN, KERRY GORDON, a/k/a "Curry," ROBERT LOCUST, and RYAN RAINFORD, a/k/a "Ace," the defendants, together with others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree, together and with each other, to violate Title 18, United States Code, Sections 1341 and 1343.

5.    It was a part and object of the conspiracy that PETER
KALKANIS, BRYAN DUNCAN, KERRY GORDON, a/k/a "Curry," ROBERT
LOCUST, and RYAN RAINFORD, a/k/a "Ace," the defendants, together
with others known and unknown, willfully and knowingly having
devised and intending to devise a scheme and artifice to
defraud, and for obtaining money and property by means of false
and fraudulent pretenses, representations and promises, for the
purpose of executing such scheme and artifice, would and did
place in a post office and authorized depositories for mail
matter, matters and things to be sent and delivered by the
Postal Service, and did deposit and cause to be deposited
matters and things to be sent and delivered by private and
commercial interstate carriers, and would and did take and
receive therefrom, such matters and things, and would and did
cause to be delivered by mail and such carriers according to
directions thereon, and at the places at which they were
directed to be delivered by the person to whom they were
addressed, such matters and things, in violation of Title 18,
United States Code, Section 1341.

6.    It was further a part and object of the conspiracy
that PETER KALKANIS, BRYAN DUNCAN, KERRY GORDON, a/k/a "Curry,"
ROBERT LOCUST, and RYAN RAINFORD, a/k/a "Ace," the defendants,
together with others known and unknown, willfully and knowingly,
having devised and intending to devise a scheme and artifice to

defraud and for obtaining money and property by means of false
and fraudulent pretenses, representations, and promises, would
and did transmit and cause to be transmitted by means of wire,
radio, and television communications in interstate and foreign
commerce, writings, signs, signals, pictures, and sounds for the
purpose of executing such scheme and artifice, in violation of
Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349)

## COUNT TWO
### (Mail Fraud)

The Grand Jury further charges:

7.    The allegations contained in paragraphs 1 through 3 of
this Indictment are repeated and realleged as if fully set forth
herein.

8.    From at least in or about January 2013, up to and
including April 2018, in the Southern District of New York and
elsewhere, PETER KALKANIS, BRYAN DUNCAN, KERRY GORDON, a/k/a
"Curry," ROBERT LOCUST, and RYAN RAINFORD, a/k/a "Ace," the
defendants, willfully and knowingly, having devised and
intending to devise a scheme and artifice to defraud, and for
obtaining money and property by means of false and fraudulent
pretenses, representations, and promises, for the purpose of
executing such scheme and artifice and attempting so to do,
would and did place in a post office and authorized depositories

for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom, such matters and things, and did cause to be delivered by mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, to wit, KALKANIS, DUNCAN, GORDON, LOCUST, and RAINFORD caused legal correspondence to be mailed to attorneys in Manhattan, New York, in furtherance of fraudulent lawsuits against businesses and insurance companies.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

9.    The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

10.    From at least in or about January 2013, up to and including April 2018, in the Southern District of New York and elsewhere, PETER KALKANIS, BRYAN DUNCAN, KERRY GORDON, a/k/a "Curry," ROBERT LOCUST, and RYAN RAINFORD, a/k/a "Ace," the defendants, willfully and knowingly, having devised and

intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, KALKANIS, DUNCAN, GORDON, LOCUST, and RAINFORD used their cellphones and email accounts to send communications to a litigation funding company located in New Jersey in furtherance of the wire fraud scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury further charges:

11.   The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

12.   In or about November 2014, in the Southern District of New York and elsewhere, PETER KALKANIS, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), and aided and abetted the same, to wit, KALKANIS possessed and used the names and identities of

8

other persons to obtain litigation loans, in connection with the offenses Charged in Counts One, Two, and Three of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## FORFEITURE ALLEGATIONS

13. As a result of committing the offenses alleged in Counts One, Two, and Three of this Indictment, PETER KALKANIS, BRYAN DUNCAN, KERRY GORDON, a/k/a "Curry," ROBERT LOCUST, and RYAN RAINFORD, a/k/a "Ace," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from, proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendants personally obtained.

## Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 981;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

10

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

v.

**PETER KALKANIS,**
**BRYAN DUNCAN,**
**KERRY GORDON,**
**a/k/a "Curry,"**
**ROBERT LOCUST, and**
**RYAN RAINFORD,**
**a/k/a "Ace,"**

Defendants.

**SEALED INDICTMENT**

18 Cr. \_\_\_\_

(18 U.S.C. §§ 1349, 1028A(a)(1),
1028A(b), 1341, 1343 and 2.)

GEOFFREY S. BERMAN
United States Attorney

_____
Foreperson

filed indictment under seal
Arrest warrant issued
USMJ Wang
4/17/18