The Al-Shabazz Law Group, P.C.
244-16 Jericho Turnpike
Floral Park, New York 11001
(718) 730-3108
Ikieshalaw@gmail.com

May 16, 2019

**VIA ECF**
Honorable Judge Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    United States v. Bryan Duncan, et al., Ind.# 18 Cr 289

Dear Honorable Judge Stein,

      Mr. Duncan writes this letter seeking preclusion of Government witness Chelsea Grady. After today's court session, the Government notified counsel that it intends to call Chelsea Grady of the FBI, a witness who took photographs during the search of Peter Kalkanis' residence. Mr. Duncan seeks preclusion of this witness as this testimony is not relevant under Fed. R. Evid. 402. Furthermore, the Government's continued shifting witness list constitutes unfair surprise.

**I.    PHOTOGRAPHS AND SEARCH WARRANT EVIDENCE OF PETER KALKANIS' HOME ARE NOT RELEVANT UNDER FRE 402.**

Evidence must be "relevant" to be admissible. Fed. R. Evid. 402. The Federal Rules of Evidence define "relevant" evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid., 401.

Here, the admission of search warrant evidence and photographs of Peter Kalkanis' residence are irrelevant. Moreover, the Government has provided no basis under which such evidence is relevant to the instant prosecution. The search warrant and photographs do not make the existence of any fact more probable or less probable than it would be without the evidence. Accordingly, this evidence should be precluded.

**II. THE GOVERNMENT'S ATTEMPT TO CALL ANOTHER WITNESS CONSTITUTES UNFAIR SURPRISE, WILL CAUSE UNDUE DELAY AND CONFUSE THE JURY**.

The Government represented in court today that it intends to rest its case by the end of the day Friday. Now, the Government seeks to call an additional witness, a witness who was not previously known to the defendants. This witness should be precluded under Fed. R. Evid. 403.

Federal Rule of Evidence 403 grants this Court discretion to exclude even relevant evidence on the grounds of prejudice, confusion, or waste of time. Here, an additional witness will likely cause the Government's case to extend into next week, wasting valuable court time. The Government has known about this evidence for over a year and did not include this witness on its list of 31 potential trial witnesses. Admission of this evidence will surely confuse the jury and likely result in prejudice against the defendants as the defendants are unable to consider its defense fully until the Government rest or at least be held to its witness list. The defense should be allowed to rely on the Government's representations and thus far, the defense has had to constantly shift its attention and focus to the Government's ever-changing witness list. For this reason, this witness should be precluded.

Respectfully submitted,

_____S_____

Ikiesha T. Al-Shabazz, Esq.