UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

BRYAN DUNCAN,

               Defendant.

18-Cr-289 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    On January 7, 2020, the Court commenced a sentencing hearing in this matter. During the proceeding, defense counsel objected to the government's proposed forfeiture order in the amount of $1,610,140.75. (Jan. 7, 2020 Tr. at 28:5-11, ECF No. 252.) Defense counsel argued that because the government allegedly provided no evidence as to how it reached this figure, it failed to meet its burden by a preponderance of the evidence. (*Id.*)

    The Court directed the government to refile the proposed forfeiture order with citations to the record. (*Id.* at 30:10-12.) The government complied. (ECF No. 246.) Soon after, the defendant filed an opposition contending that there is no evidence the funds had a nexus to criminal activity and requesting that the Court conduct a hearing to determine the proper forfeiture amount. (ECF No. 254 at 3, 5.)

    The Court construed defendant's letter as a request for a hearing pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(B). (ECF No. 256.) The rule provides, in relevant part, "[i]f the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." Fed. R. Crim. P. 32(b)(1)(B). The Court set the hearing date for March 19, 2020 and ordered the parties to inform the Court in writing "as to what witnesses, if any, they intend to call and what exhibits, if any, they intend to introduce on or before February 28, 2020." (ECF No. 256.)

    On February 28, 2020, the government submitted a letter stating that it did not intend to call any witnesses or introduce any new exhibits at the scheduled hearing. (ECF No. 257 at 1.) The government believes that

> [t]he current factual record, including the record from the May 2019 trial (the "Trial"), the testimony and exhibits submitted at the Trial, and the fats set forth in the PSR, which the Court adopted at the time of Duncan's sentencing, establish by a preponderance of the evidence that $1,610,140.75 is an appropriate forfeiture amount representing a conservative estimate of

> the criminal proceeds that Duncan obtained from his participation in the crimes he was convicted of at trial.

*Id.* Defense counsel did not file anything by the February 28 deadline and has not done so to date.

On March 13, 2020, in light of the uncertainty concerning the COVID-19 outbreak, the Court adjourned the forfeiture hearing scheduled for March 19 to March 24, 2020. (ECF No. 261.) In that scheduling order, the Court noted that "the defendant has not informed the Court regarding what witnesses, if any, he intends to call and what exhibits, if any, he intends to introduce." (*Id.*) As circumstances with the virus worsened, the hearing was rescheduled again to May 28, 2020 at 11:00 A.M. (ECF No. 262.)

The Court concludes from defendant's failure to respond to the Court's order dated February 12 (ECF No. 256) and order dated March 13 (ECF No. 261), directing defendant to set forth the witnesses and exhibits he intends to introduce at the hearing, that there are no such witnesses and exhibits outside of the papers already submitted on this issue.

Accordingly, IT IS HEREBY ORDERED that a fact hearing is unnecessary and the forfeiture issue will be decided on the record already submitted.

Dated: New York, New York
       May 18, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

2