UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              v.<br><br>BRYAN DUNCAN,<br>                        Defendant. | 18-Cr-289 (SHS)<br><br>OPINION & ORDER |

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Bryan Duncan moves for a stay of execution of the judgment of conviction and sentence entered against him in this Court, and for release, or in the alternative reasonable bail, pending appeal of his conviction. (Def's Mot., ECF No. 308.) Because Duncan fails to meet the criteria set forth in 18 U.S.C. § 3143(b) for release pending appeal, his motion is denied.

**I.   DISCUSSION**

    On May 28, 2019, Duncan was convicted at a jury trial of mail fraud, wire fraud, and two counts of conspiracy to commit mail and wire fraud, pursuant to 18 U.S.C. §§ 1341, 1343, 1349. For years, Duncan acted first as a participant and then as a leader of massive trip-and-fall fraud schemes operating in New York City. (Presentence Investigation Report (PSR) ¶ 17.) Duncan himself recruited many individuals, most of whom were indigent, homeless, or drug-addicted, to stage accidents at various business locations, and then profited by filing fraudulent lawsuits against the owners of those locations and their insurers. (*See id.* ¶¶ 17-21, 24.) On July 27, 2020, this Court sentenced Duncan to 72 months' imprisonment—a downward variance of over 20 years from his Sentencing Guidelines range of 324 to 405 months. (*Id.* ¶ 100.) After filing a Notice of Appeal (ECF No. 301), defendant filed this motion for bail pending appeal. The Court has concluded that the 18 U.S.C. § 3143(b) factors do not support defendant's motion.

    18 U.S.C. § 3143(b), the statute governing release pending appeal, provides that "the judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained" unless two criteria are met. *Id.* § 3143(b)(1) (emphasis added). First, a court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." *Id.* § 3143(b)(1)(A). Next, a court must find that "the appeal is not for the purpose of delay and raises a

substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* § 3143(b)(1)(B).

Defendant fails to meet either of these criteria. As to the first requirement, Duncan correctly notes that this Court has previously found him unlikely to flee. The Court is unable to find, however, that defendant does not pose a danger to the safety of any other person or the community. Over a substantial period of time, Duncan preyed on both business owners and the weak and vulnerable, urging indigent "patients" to undergo harmful, medically unnecessary procedures so that he could profit off their ensuing fraudulent claims. (*See, e.g.*, PSR ¶¶ 26-32; Trial Tr. at 1068.) Such behavior does not give the Court confidence, let alone provide clear and convincing evidence, that defendant will pose no danger to the safety of others if released pending appeal.

Additionally, defendant fails to show that his appeal raises a "substantial question of law or fact" and is not "for the purpose of delay." A "substantial question of law or fact" is a "'close' question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (citation omitted); *see also United States v. Carrano*, No. 17-Cr-460 (SHS), 2018 WL 6991040, at *1 (S.D.N.Y. Dec. 28, 2018). The issues Duncan raises are far from close calls, let alone ones likely to result in reversal, and they have each been duly heard and rejected by this Court in the course of this litigation.

The only specific point raised by defendant on this motion is an alleged improper loss calculation by the Court. This point has been much mooted already, and it would at most lead to a revised guideline range, but not a sentence "less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). The Court thus concludes that defendant's appeal raises no "substantial question of law or fact" and is merely "for the purpose of delay." *Id.*

## II. CONCLUSION

For these reasons, defendant's motion for release pending appeal pursuant to 18 U.S.C. § 3143(b) is denied.

Dated: New York, New York
       September 15, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

3