UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

BRYAN DUNCAN,

Defendant.

18-Cr-289 (SHS)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

On September 15, 2020, this Court denied defendant Bryan Duncan's motion for bail pending appeal. (ECF No. 311.) A motions panel of the U.S. Court of Appeals for the Second Circuit affirmed that denial the following month. *See* No. 20-2695 (2d Cir. Oct. 23, 2020). Duncan now renews his motion. (Def's Mot., ECF No. 364.) Because Duncan still fails to meet the criteria set forth in 18 U.S.C. § 3143(b) for release pending appeal, his motion is denied.

In May 2019, Duncan was convicted after a jury trial of mail fraud, wire fraud, and two counts of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1349. For years, Duncan acted first as a participant and then as a leader of two massive trip-and-fall fraud schemes operating in New York City. (Presentence Investigation Report ("PSR") ¶ 17.) Duncan personally recruited many individuals—most of whom were indigent, homeless, or drug-addicted—to stage accidents at various business locations, and then profited by filing fraudulent lawsuits against the owners of those locations and their insurers. (*See id.* ¶¶ 17-21, 24.) On January 7, 2020, this Court sentenced Duncan to 72 months' imprisonment—a downward variance of over 20 years from his Sentencing Guidelines range of 324 to 405 months. (*Id.* ¶ 100.)

In defendant's initial motion for bail pending appeal, he contended that the Court erred in calculating the applicable loss amount pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(b)(1)(L). The Court found that this point had been "much mooted already, and it would at most lead to a revised guideline range, but not a sentence 'less than the total of the time already served plus the expected duration of the appeal process,'" as required to merit bail pending appeal. *See* 18 U.S.C. § 3143(b)(1)(B)(iv).

In his renewed motion, Duncan raises a host of new objections to his Sentencing Guidelines range as calculated in the PSR and adopted by this Court. In particular, he contends that the Court erred in applying: a 22-point enhancement for an intended loss

of at least $30,000,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(L); a 2-point enhancement for an offense involving more than 10 victims pursuant to U.S.S.G. § 2B1.1(b)(2)(A); a 2-point enhancement for an offense involving a conscious or reckless risk of death or serious bodily injury pursuant to U.S.S.G. § 2B1.1(b)(16)(A); a 2-point enhancement for an offense involving vulnerable victims pursuant to U.S.S.G. § 3A1.1(b)(1); and a 4-point enhancement because Duncan was a leader in a scheme that had five or more participants pursuant to U.S.S.G. § 3B1.1(a). (*See* Def.'s Mot. at 2-3.)

Duncan posits that if the Court erred in applying *all* of these enhancements, his resulting Sentencing Guidelines range would be reduced to "less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). (Def.'s Mot. at 3-4.) However, the bail-pending-appeal statute also requires that the Court find "that the appeal is not for the purpose of delay and raises a substantial question of law or fact." *Id.* § 3143(b)(1)(B). The Court can make no such finding here. The overwhelming evidence presented at trial showed that Duncan not only participated in but founded and managed an expansive trip-and-fall scheme that victimized hundreds of vulnerable "patients" for his and his co-conspirators' own personal gains. The enhancements were appropriately applied. Because Duncan's new objections lack merit and do not raise substantial questions of law or fact, he is ineligible for bail pending appeal. Accordingly,

It is hereby ordered that defendant's renewed motion for release pending appeal pursuant to 18 U.S.C. § 3143(b) is denied.

Dated: New York, New York
August 30, 2021

SO ORDERED:

Sidney H. Stein, U.S.D.J.